1
2
3
4
5
6
7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

| USA | Case No.  2:25−cr−00851−CV |
|-----|---------------------------|
| Plaintiff(s), | |
| v. | **STANDING ORDER FOR CRIMINAL CASES ASSIGNED TO JUDGE VALENZUELA** |
| JESSICA ELIZABETH TRAPP | |
| Defendant(s). | |

18

19    **PLEASE READ THIS ORDER CAREFULLY. IT GOVERNS THE**

20    **CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL**

21    **RULES. PLEASE BE SURE TO USE THE MOST UPDATED VERSION**

22    **LOCATED ON JUDGE VALENZUELA'S WEBPAGE.[1]**

23
24
25
26

27    [1] Judge Valenzuela's webpage can be found at
      https://www.cacd.uscourts.gov/honorable-cynthia-valenzuela;

28

1

2

3

# CONTENTS

I.   INTRODUCTION........................................................................... **3**
II.  GENERAL REQUIREMENTS.......................................................... **3**
     A.   Filins.................................................................................  3
          1.   Formatting..................................................................  3
          2.   Warning re: Filing Under Seal.........................................  5
     B.   Chambers Courtesy Copies....................................................  5
     C.   Calendar Conflicts...............................................................  5
     D.   Attorney of Record at Hearings..............................................  6

III. PRE-TRIAL PROCEDURES.............................................................. **6**
     A.   Continuances......................................................................  6
     B.   Motions.............................................................................  7
     C.   *Ex Parte* Applications.........................................................  9
     D.   Motions *in Limine*.............................................................  10
     E.   Notice and Discovery...........................................................  10
     F.   Bail Review.......................................................................  11

IV.  PLEA AGREEMENTS.................................................................... **12**
     A.   Digital Courtesy Copy..........................................................  12
     B.   Rule 11 Hearing..................................................................  12

V.   TRIAL PROCEDURES................................................................... **12**
     A.   Final Pretrial Conference Requirements....................................  12
          1.   Trial Memorandum........................................................  13
          2.   Witness Lists...............................................................  13
          3.   Exhibit Lists................................................................  14
          4.   Case-Specific Glossary...................................................  14
          5.   Jury Instructions...........................................................  14
          6.   Joint Verdict Form........................................................  16
          7.   Proposed *Voir Dire* Questions.........................................  16
     B.   Trial Requirements..............................................................  17
          1.   Timing of Government Materials.......................................  17
          2.   Timing of Defense Materials............................................  18
          3.   Trial Exhibits..............................................................  18

VI.  CONDUCT OF ATTORNEYS AND PARTIES........................... **21**
     A.   Meeting and Conferring Throughout Trial.................................  21
     B.   Opening Statements, Witness Examinations, and Summation...........  21
     C.   Objections to Questions........................................................  21
     D.   Special Accommodations.......................................................  22
     E.   General Decorum While in Session...........................................  22
     F.   Punctuality........................................................................  23
     G.   Exhibits............................................................................  24
VII. SENTENCING............................................................................. **25**

## I.    INTRODUCTION

This action has been assigned to the calendar of United States District Judge Cynthia Valenzuela. Both the Court and the parties' counsel bear responsibility for the progress of this action. To ensure the just determination of this action "to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay," Fed. R. Crim. P. 2, all parties or their counsel, including *pro se* (without an attorney) defendants,[2] are ordered to be familiar with this Order, the Federal Rules of Criminal Procedure, the Local Criminal Rules, the Local Civil Rules, this Court's online Procedures and Schedules, and the law governing the issues in this case.[3]

## II.    GENERAL REQUIREMENTS

### A.    Filings

#### 1.    Formatting

The captioned title of every filing shall contain:

a.   the name of the first-listed defendant as well as the name(s) and number(s) (in the order listed in the Indictment) of the particular defendant(s) to whom the filing applies, unless the document applies to all defendants;

b.   the individual defendant's registration number when applicable to the relief requested (*e.g.*, requests for transfer, medical requests); and

c.   the milestone dates for Indictment, Final Pretrial Conference, Trial, and Last Day of the speedy trial period.

All parties shall docket items only as to the particular defendant(s) to whom

_____

[2] Parties appearing *pro se* must comply with the Federal Rules of Civil Procedure and the Local Rules. Local Civil Rules 1-3 and 83-2.2.3.

[3] "When applicable directly or by analogy, the Local [Civil] Rules of the Central District of California shall govern the conduct of criminal proceedings before the District Court, unless otherwise specified." Local Criminal Rule 57-1

1   the item pertains, rather than all defendants, unless the item pertains to all. Except

2   for documents filed under seal or *in camera*, every document shall be filed

3   electronically in such a way that it is clear from the docketing entry to which

4   defendant(s) it applies. The outer envelope containing any document filed under

5   seal or *in camera* should identify the case title by the first-listed defendant and case

6   number only and should state that the document is being filed under seal or *in*

7   *camera.*

8       Pursuant to Local Civil Rule 11-3.1.1, either a proportionally spaced or

9   monospaced face may be used. Typeface shall comply with Local Civil Rule

10  11-3.1.1. Times New Roman font must be no less than fourteen (14) point, and

11  Courier font must be no less than twelve (12) point. Footnotes shall be in the same

12  font and the same size as the text in the body of the document.

13      Each declaration, exhibit, or other attachment accompanying a document must

14  be filed as a separately docketed attachment to the main docket entry with a clear

15  description (*e.g.*, Dkt. 29-1, Smith Decl.; Dkt. 29-2, Ex. 1: Photograph).

16      Proposed orders must state the relief sought, the defendant(s) affected, and,

17  when relevant, the supporting rationale and authority–and must be submitted in a

18  form that would originate from the Court. Do not include: (a) any attorney

19  information on the caption page; (b) any information in the footer (except

20  pagination); or (c) any watermark or firm designation anywhere.

21      Counsel must follow the Central District's Local Rules and General Orders

22  concerning electronic filing, unless superseded by this Order. Counsel shall adhere

23  to Local Civil Rule 5-4.3 with respect to the conversion of all documents to .pdf so

24  that when a document is e-filed, it is in the proper size and is .pdf searchable.

25  Further, all documents shall be filed in a format so that text can be selected, copied,

26  and pasted directly from the document. *See* Local Civil Rule 5-4.3.1.

27  \\\

28  \\\

### 2.    Warning re: Filing Under Seal

Parties should pay close attention to the title in the caption of every document submitted to the Court for filing under seal. The title of the document will become part of the public docket text when it is entered on the docket, even though the document itself will be sealed. If the title of the document contains confidential information that should not be reflected on the public docket, parties must submit the document with two cover sheets. The first cover sheet must contain a generic title (*e.g.*: "SEALED APPLICATION"; "SEALED MOTION"; "SEALED PROPOSED ORDER"; or "SEALED DOCUMENT"), rather than the actual title of the document. The second cover sheet must contain the full, unredacted title of the document. Docket entries for documents filed under seal will include only the title. All documents pertaining to the notice of manual filing must be emailed to the chambers email address: CV_Chambers@cacd.uscourts.gov. Additional information is available at: https://www.cacd.uscourts.gov/court-procedures/filing-procedures/criminal-filing-procedures

### B.    Chambers Courtesy Copies

The processing of unnecessary chambers copies wastes resources and burdens the Court. Chambers copies should <u>not</u> be submitted unless requested. This order, however, is not intended to affect the parties' ability to file and lodge documents and materials that are exempt from electronic filing under Local Criminal Rule 49-1.2.

The Court refers the parties to the trial requirements listed below for details regarding mandatory chambers copies of trial exhibits.

### C.    Calendar Conflicts

If any counsel discovers a calendar conflict with a scheduled appearance in a court of a more senior district judge, counsel must inform opposing counsel and the Courtroom Deputy Clerk ("CRD") via chambers email address (CV_Chambers@cacd.uscourts.gov) as soon as possible and not later than three (3)

business days before the scheduled appearance. Counsel must email the CRD to indicate the time of the appearance, the case name, and the name of the other judge.

Counsel should appear before the most senior judge first and request priority. On the day of the appearance, if possible, ask the other judge's CRD to update Judge Valenzuela's CRD as to when counsel is likely to be released from the other judge's courtroom.

### D.    Attorney of Record at Hearings

The Court requires an attorney of record to appear at all hearings and will not permit others to stand in on his or her behalf. If an attorney of record cannot appear at a scheduled hearing due to unforeseen circumstances, the parties should attempt to agree on a new date to accommodate the calendar conflict. Counsel must propose a new date by Stipulation and [Proposed] Order as soon as possible and preferably not later than three (3) business days before the scheduled appearance.

## III.    PRE-TRIAL PROCEDURES

### A.    Continuances

Requests for continuances of pretrial and trial dates must be by motion, stipulation, or application. Each request must include a detailed factual showing of good cause and due diligence demonstrating the necessity for the continuance, stating whether any previous requests for continuances have been made and whether these requests were granted or denied by the Court. The Court will not grant requests to continue pretrial and trial dates absent the detailed showing. General statements are insufficient to establish good cause.

To the extent the request to continue dates is joint, it should state clearly that the government and defendant(s) agree. To the extent the action is complex, one or more parties require additional time to prepare for trial, or other circumstances apply necessitating a continuance, the request should so state and describe in detail. A list of counsel's upcoming scheduled trials in other actions will not support a showing of good cause absent the following information regarding each such action

listed: (1) the case name, case number, court where the action is pending, and the initials of the district judge or name of the state court judge assigned to the action; (2) the age of the action; (3) the nature of the offense(s) charged and complexity of the action; (4) the scheduled trial date; (5) the estimated length of trial; (6) the number of continuances previously granted; (7) the parties' trial readiness; (8) the estimated likelihood a future continuance will be requested; and (9) the likelihood the trial will proceed on the scheduled date.

Counsel shall file requests for continuance of trial at least one (1) week prior to the Final Pretrial Conference. A request to continue dates that have already expired constitutes a presumptive lack of due diligence. Requests extending dates set by the Court are not effective unless approved by the Court.

**B.    Motions**

Motions shall be filed in accordance with Fed. R. Crim. P. 47 and Local Criminal Rule 49, *et seq.*, unless superseded by this Order. Counsel must meet and confer with opposing counsel "to discuss thoroughly ... the substance of the contemplated motion and any potential resolution" thereof. Local Criminal Rule 57-1; Local Civil Rule 7-3. Counsel shall discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court.

The Court hears motions in criminal actions on Friday, beginning at 10:30 a.m. Pretrial motions, including motions to suppress evidence, motions to bifurcate or sever, and motions concerning character evidence under Fed. R. Evid. 404(b), shall be noticed for a Friday that is mutually agreed to by counsel and that is not closed on the Court's calendar. Before filing a motion, the moving party should check the Court's webpage for available hearing dates. The parties should not calendar a matter on a date that is closed on the Court's webpage. If this occurs, the court will re-calendar the matter for another day. Pretrial motions that require an evidentiary hearing shall be noticed for a non-Friday that is mutually agreed to by counsel and

that is cleared with the Courtroom Deputy Clerk before the filing of the motion. For all motions other than motions in *limine*, the briefing schedule is as follows:

- motions shall be filed five (5) weeks prior to the hearing;
- oppositions or notices of non-opposition shall be filed three (3) weeks prior to the hearing; and
- replies, if any, shall be filed two (2) weeks prior to the hearing.

All motions must be properly noticed for hearing no later than the date of the Final Pretrial Conference.

The parties should not calendar a matter on a Friday that is a Court holiday. If this occurs, the Court will re-calendar the matter for another Friday. The parties must adhere to the briefing schedule set forth herein to afford the Court adequate time to prepare for the hearing; however, the parties may stipulate to an alternate briefing schedule contingent upon approval by the Court. Failure to comply with these deadlines may result in the Court declining to consider the untimely memorandum or other document. Local Criminal Rule 57-1; Local Civil Rule 7-12.

Memoranda of points and authorities in support of or in opposition to motions (besides motions *in limine*) shall not exceed 7,000 words. *See* Local Rule 11-6.1. A handwritten brief or a brief prepared using a typewriter may not exceed 25 pages, excluding the caption (if on a separate cover page), the table of contents, the table of authorities, the signature block, and any indices and exhibits. All submitted briefs must be accompanied by a Certificate of Compliance as set forth in Local Civil Rule 11-6.2. Replies shall not exceed 4,200 words or fifteen (15) pages for handwritten briefs and briefs prepared using a typewriter. Only in rare instances and for good cause shown will the Court grant an application to extend these word and page limitations. No supplemental brief shall be filed without prior leave of Court.

\\\

\\\

### C.   *Ex Parte* Applications

*Ex parte* applications are disfavored. The Court considers *ex parte* applications on the papers and does not usually set these matters for hearing. If a hearing is necessary, the parties will be notified. *Ex parte* applications are solely for extraordinary relief and should be used with discretion. Sanctions may be imposed for misuse of *ex parte* applications. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995).

*Ex parte* applications that fail to conform to Local Civil Rules 7-19 and 7-19.1, including a statement of opposing counsel's position, will not be considered except upon a specific showing of good cause. The moving party shall serve the opposing party electronically, if possible. A party is considered served once the *ex parte* application has been e-filed. All parties registered for electronic service are sent a notification of ECF filing each time a document is e-filed with a link to the document for one free view. Defendants exempt from electronic service must be served the *ex parte* application by facsimile or personal service. *See* Local Criminal Rules 49-1.2, 49-1.3.2(b); Local Civil Rule 5-3.

Following service of the *ex parte* application by electronic, facsimile, or personal service, the moving party shall notify the opposing party that any opposition must be filed no later than twenty-four (24) hours following service. Counsel will be notified by ECF of the Court's ruling. If a party does not intend to oppose an *ex parte* application, counsel must promptly inform the Courtroom Deputy Clerk.

*Ex parte* applications to allow defendants to travel should be made well in advance of the proposed date of travel. Counsel should state whether the Pretrial Services Officer has approved the travel, and what, if any, conditions the Pretrial Services Officer has proposed. Applications by defendants with appointed counsel must indicate who will pay for the travel and related expenses. If these expenses are not to be paid by the defendant's employer, the Court may require declarations

under penalty of perjury from the persons paying the expenses.

### D.  Motions *in Limine*

Motions *in limine* fall outside the scope of Fed. R. Crim. P. 12 and address only the admission or exclusion of evidence at trial. Motions *in limine* will generally be heard and ruled upon at the Final Pretrial Conference. The Court may rule orally instead of in writing. Each side is limited to five (5) motions *in limine* unless the Court grants leave to file additional motions.

All motions *in limine* must be filed at least twenty-eight (28) days before the Final Pretrial Conference. Oppositions must be filed at least fourteen (14) days before the Final Pretrial Conference. There shall be no replies. Motions *in limine* and oppositions must not exceed 2,800 words in length, or ten (10) pages for handwritten briefs and briefs prepared using a typewriter.

Before filing a motion *in limine*, the parties must meet and confer. The moving party must identify the evidence to be excluded or admitted, the specifics terms of the order sought, and the rationale and supporting authority. The nonmoving party shall state whether the party intends to introduce the evidence sought by the moving party to be excluded or oppose the moving party's motion to admit the evidence and provide the rationale and supporting authority if the nonmoving party opposes the motion. Both parties are required to meet and confer in good faith in an effort to reach a resolution without the need for a motion. Motions *in limine* should address specific issues (*e.g.*, not "to exclude all hearsay"). The Court may strike without further notice excessive, unvetted, or untimely motions *in limine*.

### E.  Notice and Discovery

Counsel shall comply with all notice and discovery obligations set forth in Fed. R. Crim. P. 12, 12.1, 12.2, 12.3, 12.4, 15, and 16. The government shall promptly produce to counsel for the defendant any evidence falling within the scope of Fed. R. Crim. P. 16(a), *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v.*

*United States 405* U.S. 150 (1972), *Roviaro v. United States*, 353 U.S. 53 (1957), and *Unite States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991). Counsel for the government shall also disclose to counsel for defendant the existence or non-existence of: (1) evidence obtained by electronic surveillance; and (2) testimony by a government informant. Defense counsel shall comply with its reciprocal discovery obligations pursuant to Fed. R. Crim. P. 16(b) and promptly produce such materials.

The parties shall make expert witness disclosures in accordance with Fed. R. Crim. P. 16(a)(1)(G) and (b)(1)(C) at least thirty-five (35) days before the Final Pretrial Conference.

The parties are encouraged to produce witness statements pursuant to 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2 sufficiently in advance of trial or other proceeding to avoid delays. A violation by any party of this order, or by the government in connection with its obligations under *Brady, Giglio, Roviaro,* or *Henthorn*, may lead to a finding of contempt, imposition of sanctions, referral to a disciplinary authority, adverse jury instructions, exclusion of evidence, or dismissal of charges.

Counsel shall meet and confer to resolve discovery disputes informally prior to filing a motion to compel discovery. All discovery motions shall state with particularity what is requested, the basis for the request, whether the discovery at issue has been requested, and opposing counsel's response to such request. The Court may decline to hear discovery motions made without prior consultation with with opposing counsel.

### F.   Bail Review

Any request for bail review based on changed circumstances or information not previously presented to the Magistrate Judge shall be addressed in the first instance to the Magistrate Judge and shall be served on both opposing counsel and the United States Probation and Pretrial Services Office.

## IV.    PLEA AGREEMENTS

### A.    Digital Courtesy Copy

The government should send a text-searchable digital copy of the plea agreement to chambers at CV_Chambers@cacd.uscourts.gov.

### B.    Rule 11 Hearing

1.    **Fully Signed Agreement:** *Defense counsel shall bring a hard copy of the fully signed plea agreement to the hearing* (because the Court will refer the defendant to specific portions of the agreement.) Government counsel is also required to bring a hard copy of the fully signed agreement to the hearing.

2.    **Open Court:** The Rule 11 hearing will be conducted in open court. Any request to close the courtroom or seal the record (in whole or in part) must be made by the requesting party when checking in on the day of the hearing.

3.    **Detention Request:** If the government intends to request detention of a defendant who is out on bond, it should file a request, stating and applying the applicable standard, at least two days before the hearing.

4.    **Sentencing Date:** Counsel for both parties shall confer and provide a proposed sentencing date to the courtroom deputy (CRD) upon checking in. Absent good cause, the sentencing date shall be approximately 14 weeks after the defendant's conviction. The parties should not assume that the sentencing date, once set, will be continued at their request.

## V.    TRIAL PROCEDURES

### A.    Final Pretrial Conference Requirements

No later than one (1) week before the Final Pretrial Conference, the government shall file and email the documents described below in Microsoft Word

format to CV_Chambers@cacd.uscourts.gov:

- • A trial memorandum;
- • A witness list;
- • An exhibit list;
- • A joint case-specific glossary for the Courtroom Deputy Clerk;
- • Joint jury instructions in the form described below;
- • A joint proposed verdict form; and
- • Proposed *voir dire* questions, if any.

### 1. Trial Memorandum

The government's trial memorandum shall set forth: (i) a factual summary of the government's case-in-chief; (ii) a statement of the charges and the elements of each charge; (iii) a time estimate of the length of the government's case-in-chief, including anticipated cross-examination; and (iv) a discussion of relevant legal and evidentiary issues as applied to the facts of the particular case. The government shall specify, after a meet and confer, whether the parties agree or disagree on matters (i) through (iv).

### 2. Witness Lists

Witness lists must identify all potential witnesses and must be in the format specified in Local Civil Rule 16-5. If the defense objects to identifying a potential witness (not already on the government's list), the objection must be raised at the final pre-trial conference. The lists must include for each witness: (i) a brief description of the testimony; (ii) the reasons the testimony is unique and not redundant; and (iii) a time estimate in hours for direct and cross-examination. The parties should use the template posted to Judge Valenzuela's webpage. Any Amended Witness List must be filed by 5:00 p.m. on the Friday before trial and emailed to CV_Chambers@cacd.uscourts.gov in Microsoft Word format.

\\\

\\\

### 3.    Exhibit Lists

Exhibit Lists must: (1) be in the format specified in Local Civil Rule 16-6; (2) include an additional column stating any objections to authenticity and/or admissibility; and (3) state the reasons for the objections. The parties should use the template posted to Judge Valenzuela's webpage. Exhibits shall be numbered sequentially 1, 2, 3, *etc.*, not 1.1, 1.2, 1.3, *etc. See* Local Civil Rule 16-6. The list should include defense exhibits to the extent the defense does not object to disclosure. Any Amended Exhibit List must be filed by 5:00 p.m. on the Friday before trial and emailed to CV_Chambers@cacd.uscourts.gov in Microsoft Word format.

### 4.    Case-Specific Glossary

The parties must provide a case-specific glossary for the court reporter that includes applicable medical, scientific, or technical terms, gang terms, slang, the names and spellings of case names likely to be cited, street/city/country names, all parties/agents/departments/entities involved in the case, names of people interviewed/deposed, names of family members, friends, or others who might be mentioned, and other case-specific terminology.

### 5.    Jury Instructions

The parties shall file clean and redline sets of their (1) Joint Agreed Upon Proposed Jury Instructions, and (2) Disputed Jury Instructions. The redline sets shall include all modifications made by the parties to pattern or model jury instructions, any disputed language, and the factual or legal basis for each party's position as to each disputed instruction.

Sources: When possible, all instructions must be taken from the *Manual of Model Criminal Jury Instructions for the Ninth Circuit* (West Publishing Co., current edition). Where no applicable Ninth Circuit model instruction is available, counsel should consult the instructions from O'Malley, Grenig & Lee (formerly Devitt, *et al.*), *Federal Jury Practice and Instructions* (West Publishing Co.,

current edition). When submitting instructions other than Ninth Circuit model instructions, counsel should ensure the law on which the instruction is based is consistent with Ninth Circuit case law on the subject. Counsel may submit alternatives to the Ninth Circuit model jury instructions or O'Malley, Grenig & Lee instructions only if counsel has a reasoned argument that those instructions do not properly state the law or are incomplete. The Court seldom gives instructions derived solely from case law.

Format: Each requested instruction shall (1) cite the authority or source of the instruction, (2) be set forth in full, (3) be on a separate page, (4) be numbered, (5) cover only one subject or principle of law, and (6) not repeat principles of law contained in any other requested instruction. Jury instructions should be modified as necessary to fit the facts of the case (*e.g.*, inserting names of defendant(s) or witness(es) to whom an instruction applies).

Where language appears in brackets in the model instruction, counsel shall select the appropriate text and eliminate the inapplicable bracketed text. It is counsel's duty to conform the instructions to the case (*e.g.*, inserting names of defendant(s) or witness(es) to whom the instruction applies and selecting the appropriate bracketed text, but not changing the standard language of the instruction).

For any disputed instruction, the opponent shall state on a separate page following the disputed instruction: (a) the basis for the objection; (b) authority supporting the objection; and (c) an alternative instruction (if applicable). On the following page, the proponent shall briefly respond to the objection with supporting authority. Where appropriate, the disputed instructions shall be organized by subject, so that instructions that address the same or similar issues are presented sequentially. If there are excessive or frivolous disagreements over jury instructions, the Court will order the parties to meet and confer immediately until they substantially narrow their disagreements.

Index: All proposed jury instructions must have a consecutively numbered joint index that lists the instructions in the order they will be given. Disputed instructions should be included in the index. The Court will renumber the jury instructions once they are finalized. The joint index should include (i) the number of the instructions; (ii) a brief title of the instruction; (iii) the source of the instruction; and (iv) the page number of the instruction. Example:

| **Number** | **Tile** | **Source** | **Page #** |
|:---:|:---:|:---:|:---:|
| #1 | Conspiracy-Elements | 9th Cir. 8.5.1 | 1 |

Counsel also shall list the instructions in the order they will be given and indicate whether the instruction should be read before opening statements, during trial, or before closing arguments.

Copies of the instructions will be given to the jury during deliberations. Accordingly, counsel must email CV_Chambers@cacd.uscourts.gov a "clean" set of all instructions in Microsoft Word format, containing only the text of each instruction, set forth in full on each page, with the caption "Court's Instruction No. ___" (eliminating the title and source of the instruction, supporting authority, etc.).

### 6.    Joint Verdict Form

The parties shall make every effort to agree on a verdict form before submitting proposals to the Court. If the parties are unable to agree on a verdict form, the parties shall file and email to Chambers (CV_Chambers@cacd.uscourts.gov) one document titled "Competing Verdict Forms" which shall include: (1) the parties' respective proposed verdict form; (2) a redline of any disputed language; and (3) the factual or legal basis for each party's respective position.

### 7.    Proposed *Voir Dire* Questions

The Court will conduct the *voir dire*. The Court will ask prospective jurors

basic biographical questions (jurors' place of residence, employment, whether familiar with the parties or counsel, etc.), as well as questions regarding their ability to be fair, impartial, and carry out the duties required. The Court may ask additional case-specific questions. The parties may file and email to Chambers (CV_Chambers@cacd.uscourts.gov) any proposed case-specific *voir dire* questions for the Court's consideration. All challenges for cause and all *Batson* challenges shall be made at side bar or otherwise outside the prospective jurors' presence. The Court will not necessarily accept a stipulation to a challenge for cause.

### B. Trial Requirements

Trial days are generally Tuesday through Friday, from 9:00 a.m. through 4:30 p.m. with two 15-minute breaks and a one-hour lunch break. The parties must appear at 8:30 a.m. to discuss preliminary matters with the Court. On the first day of trial, the Court will first address preliminary matters and will call a jury panel only when it is satisfied the case is ready for trial. Jury selection usually takes a few hours. The parties should be prepared to proceed with opening statements and witness examination immediately after jury selection.

Fridays are usually reserved for the Court's calendar. In the event the Court's calendar allows trial to proceed on Friday, the Court will inform the parties during the Final Pretrial Conference. Once the trial concludes, the jury will be expected to deliberate Monday through Friday.

Any party requesting special court reporter services (*i.e.*, "RealTime" transmission, daily transcripts) shall notify the reporter at least two (2) weeks in advance.

### 1. Timing of Government Materials

The government must present the following materials to the Courtroom Deputy Clerk before trial begins on the first day:

1.  Three (3) copies of the indictment/information;

2.  Three (3) copies of the government's witness list;

3.      Three (3) copies of the government's exhibit list; and

4.      All government exhibits in accordance with Section IV.B.3 ("Trial Exhibits") below.

### 2.      Timing of Defense Materials

The Court prefers the defense counsel deliver defense exhibits to the Courtroom Deputy Clerk on the first day of trial, but counsel are not required to do so unless these exhibits have previously been provided to the government. Defense counsel shall provide the government and the Courtroom Deputy the defense witness list and exhibit list at the start of the defense case, at the latest. Defense counsel shall also simultaneously email CV_Chambers@cacd.uscourts.gov a Microsoft Word version of the defense witness list and defense exhibit list. Defense exhibits shall be submitted together in accordance with Section V.B.3 below.

### 3.      Trial Exhibits

Trial exhibits that consist of documents and photographs must be submitted to the Court in three-ring binders. The parties shall submit to the Court three sets of binders: one (1) original set of trial exhibits, and two (2) copies of trial exhibits. The original set of exhibits shall be for use by the jury during its deliberations, and the two copies are for the Court. The parties should prepare additional copies of exhibits for their own use and for use by witnesses. Before the admitted exhibits will be given to the jury for deliberation, the parties must review the exhibit list and exhibit binders with the Courtroom Deputy Clerk after closing arguments.

All exhibits placed in three-ring binders must be indexed by exhibit number with tabs or dividers on the right side. Exhibits shall be numbered sequentially 1, 2, 3, *etc.*, not 1.1, 1.2, *etc.* See Local Civil Rule 16-6. Every page of a multi-page exhibit must be numbered. Defendant's exhibit numbers shall not duplicate the government's numbers. The spine of each binder shall indicate the volume number and the range of exhibit numbers included in the volume. An enlargement of an existing exhibit shall use the original exhibit number followed by an "A." Counsel

1  shall not attempt to display or use any charts or enlargements of exhibits unless all

2  counsel have agreed to their use or objections have been heard and a ruling has

3  been made by the Court.

4       The original exhibits shall bear the official exhibit tags (yellow tags for the

5  government's exhibits and blue tags for defendant's exhibits) affixed to the front

6  upper right-hand corner of the exhibit, with the case number, case name, and exhibit

7  number stated on each tag. The copy of exhibits must bear copies of the official

8  exhibit tags that were placed on the original exhibits and be indexed with tabs or

9  dividers on the right side. Tags may be obtained from the Clerk's Office, or the

10  parties may print their own exhibit tags using Forms G-14A and G-14B on the

11  "Court Forms" section of the Court's website at:

12  https://www.cacd.uscourts.gov/forms/exhibit-tags-plaintiff-g-14a-defendant-g-14b-

13  joint-g-14c.

14       The government must also submit to the Court a USB flash drive containing

15  electronic versions of all exhibits before trial begins. Defense counsel must provide

16  a USB flash drive containing electronic versions of all exhibits at the start of the

17  defense case, at the latest. The document file names should include the exhibit

18  number and a brief description of the document, for example: "Ex. 1 - Smith

19  Declaration.pdf" or "Ex. 105 - Letter Dated 1-5-20.pdf."

20       Audio, video files, and digital evidence must be contained on a flash drive,

21  unless otherwise directed by the Court. The party introducing the evidence is

22  responsible for ensuring that the flash drive contains only admitted evidence. The

23  parties should meet and confer in an effort to reach an agreement as to the

24  admissibility of such evidence in its original form, as well as any excerpts thereof.

25  Exhibits consisting of audio recordings should be accompanied by appropriate

26  transcripts to assist the trial participants in following along. The party seeking to

27  admit an audio recording should provide transcripts to the opposing party well in

28  advance of trial and, during trial, to the Court, court reporter, each juror, and

1  opposing counsel before the audio recording is played. The transcripts shall use the

2  original exhibit number of the audio recording followed by an "A" for

3  identification purposes. The transcripts will not be admitted into evidence and

4  should be collected after the audio recording has been played.

5      The Court provides audio/visual equipment for use during trial. The parties

6  are encouraged to familiarize themselves with the equipment if they wish to use it.

7  More information is available at: https://www.cacd.uscourts.gov/clerk-services/

8  courtroom-technology. If any counsel wishes to arrange for the use of additional

9  equipment, counsel shall contact (213) 894-3061 to verify and/or reserve

10  demonstrative equipment and notify the Courtroom Deputy Clerk no later than

11  4:00 p.m. at least one (1) week before trial so that the necessary arrangements may

12  be made.

13      The Court does not permit exhibits to be "published" to the jurors before they

14  are admitted into evidence. Once admitted, exhibits may be displayed electronically

15  using the equipment and screens in the courtroom. Counsel shall not attempt to

16  display or use any charts or enlargements of exhibits unless all counsel have agreed

17  to their use or objections have been heard and a ruling has been made by the Court.

18      Exhibits such as weapons and narcotics must remain in the custody of a law

19  enforcement agent during the pendency of the trial. It shall be the responsibility of

20  the agent to produce any such items for court, secure them at night, and guard them

21  at all times while in the courtroom. The United States Marshals Service shall be

22  advised well in advance if weapons or contraband are to be brought into the

23  courthouse.

24  **VI.    CONDUCT OF ATTORNEYS AND PARTIES**

25      The Court expects counsel to act in a courteous, reasonable, and professional

26  manner. The Court expects that counsel will adhere strictly to the Central District

27  of California's Civility and Professionalism Guidelines. *See*

28  https://www.cacd.uscourts.gov/attorneys/admissions/civility-and-professionalism-

guidelines.

### A.    Meeting and Conferring Throughout Trial

The parties must continue to meet and confer on all issues that arise during trial. The Court will not rule on any such issue unless the parties have first attempted to resolve it informally.

### B.    Opening Statements, Witness Examinations, and Summation

Counsel shall not discuss the law or argue the case in opening statements. Counsel must use the lectern. Counsel should not consume jury time by writing out words and drawing charts or diagrams. All such aids must be prepared in advance. When appropriate, the Court will establish and enforce time limits for all phases of trial, including opening statements, closing arguments, and the examination of witnesses.

### C.    Objections to Questions

Counsel must not make speaking objections before the jury or otherwise make speeches, restate testimony, or attempt to guide a witness.

When objecting, counsel must rise to state the objection and state only that counsel objects and the legal grounds for the objection. If counsel desires to argue an objection further, counsel must seek permission from the Court to do so at sidebar or outside the jury's presence. Sidebar conferences are generally not permitted at the request of counsel for evidentiary objections, especially for issues that could have been anticipated. Counsel should anticipate significant issues and schedule a hearing when the jury is not waiting–e.g., before the jurors arrive or after they leave for the day.

### D.    Special Accommodations

Counsel must notify the CRD one week prior to the final pre-trial conference if a witness or party requires an interpreter or an accommodation under the Americans with Disabilities Act (or for any other reason). The Court prefers any special accommodations to be addressed in the government's Trial Memorandum.

### E.    General Decorum While in Session

1.    Counsel must not approach the Courtroom Deputy Clerk, the jury box, or the witness stand without court authorization and must return to the lectern when the purpose for the approach has been accomplished.

2.    Counsel must rise when addressing the Court and when the Court or the jury enters or leaves the courtroom, unless directed otherwise.

3.    Counsel must address all remarks to the Court. Counsel must not address the Courtroom Deputy Clerk, the court reporter, persons in the audience, or opposing counsel. Any request to re-read questions or answers shall be addressed to the Court. Counsel must ask the Court's permission to speak with opposing counsel.

4.    Counsel must not address or refer to witnesses or parties by first names alone, except for witnesses who are below age fourteen (14).

5.    Counsel must not offer a stipulation unless counsel have conferred with opposing counsel and have verified that the stipulation will be acceptable. Any stipulation of fact will require the defendant's personal concurrence and shall be submitted to the Court in writing for approval. A proposed stipulation should be explained to the defendant in advance.

6.    Counsel must remain at counsel table throughout trial except to examine witnesses or as otherwise needed to present evidence. Counsel must not leave counsel table to sit in the gallery or confer with any person in the back of the courtroom without the Court's permission.

7.    Counsel must not make facial expressions, nod, shake their heads, comment, or otherwise exhibit in any way any agreement, disagreement, or other opinion or belief concerning the testimony of a witness or argument by opposing counsel. Counsel shall instruct their clients and witnesses not to engage in such conduct.

8.    When the trial is not in session, counsel must not speak to jurors under

any circumstance, and must not speak to co-counsel, opposing counsel, witnesses, or clients if the conversation can be overheard by jurors. Counsel must instruct their clients and witnesses to avoid such conduct.

9.   Where a party has more than one lawyer, only one attorney may conduct the direct or cross-examination of a particular witness or make objections as to that witness.

10.   Bottled water is permitted in the courtroom but may not be placed on counsel table or the lectern. Food and other beverages are not permitted. Cell phones must be silenced or may be confiscated.

**F.   Punctuality**

1.   The Court expects the parties, counsel, and witnesses to be punctual. Once the parties and their counsel are engaged in trial, the trial must be their priority. The Court will not delay progress of the trial or inconvenience jurors.

2.   If a witness was on the stand at the time of a recess or adjournment, the party that called the witness shall ensure the witness is back on the stand and ready to proceed as soon as trial resumes.

3.   No presenting party may be without witnesses. If a party's remaining witnesses are not immediately available, thereby causing an unreasonable delay, the Court may deem that party to have rested.

4.   The Court generally will accommodate witnesses by permitting them to be called out of sequence. Counsel should meet and confer in advance and make every effort to resolve the matter.

**G.   Exhibits**

1.   No document shall be placed before a witness unless a copy has been provided to the Court and opposing counsel.

2.   Once they are admitted in evidence, exhibits may be displayed to the jury using the monitors in the courtroom. The Court ordinarily does not permit exhibits to be handed to the jurors in the jury box. In the event an exhibit cannot be

displayed properly via the monitors in the courtroom, counsel must secure approval by the Court before handing an exhibit to the jury.

3.    Counsel must keep track of their exhibits and exhibit list, and record when each exhibit has been admitted into evidence.

4.    Counsel are responsible for any exhibits they secure from the Courtroom Deputy Clerk and must return them before leaving the courtroom.

5.    Any exhibit not previously marked must be accompanied by a request that it be marked for identification at the time of its first mention. Counsel must show a new exhibit to opposing counsel before the court session in which it is mentioned.

6.    Counsel must inform the Courtroom Deputy Clerk of any agreements reached regarding any proposed exhibits, as well as those exhibits that may be received into evidence without a motion to admit.

7.    When referring to an exhibit, counsel must refer to its exhibit number. Counsel should instruct their witnesses to do the same. Counsel should make every effort to correctly identify for the record the exhibit being referred to and should use specific descriptions when directing witnesses to identify items within the exhibit (*e.g.*, "turning your attention to the bottom right-hand corner of exhibit 1 . . .," instead of "take a look at this right here").

8.    Counsel should not ask witnesses to draw charts or diagrams or ask the Court's permission for a witness to do so. All demonstrative aids must be prepared fully in advance of the day's trial session.

9.    Counsel are required to seek the admission of any items of evidence whose admissibility has not been stipulated to while the witness authenticating the exhibit is on the stand.

## VII.    SENTENCING

Original Sentencing: Once set, the sentencing hearing shall not be continued absent a showing of good cause. No later than fourteen (14) days before the

hearing, each party shall submit either a sentencing memorandum or a written notice of intent not to file one. Absent leave of court based upon a showing of good cause, the Court does not permit submission or playing of sentencing videos.

The Court does not permit sentencing documents to be filed under seal except as strictly necessary and justified. When necessary, a sentencing document may be filed under seal along with a redacted version that deletes the confidential information and that justifies each deletion (*e.g.*, "medical information").

Supervision Violation: Any material submitted for a hearing on an alleged or adjudicated violation of supervision shall be filed, when possible, seven (7) days before the hearing, and otherwise no later than two (2) court days, absent a showing of good cause set forth in a supporting declaration and court approval.

**IT IS SO ORDERED**

Dated:  October 31, 2025

_Cynthia Valenzuela_
HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE