TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
JUN NAM (Cal. Bar No. 335290)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2435
    E-mail:   jun.nam@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>          v.<br><br>JESSICA TRAPP,<br><br>        Defendant. | No. 2:25-CR-00851-CV<br><br>GOVERNMENT'S MOTION *IN LIMINE* #2 TO EXCLUDE IMPROPER EVIDENCE AND PRECLUDE ARGUMENT SEEKING JURY NULLIFICATION IN THE FORM OF ARGUMENT OR EVIDENCE ABOUT IMMIGRATION LAWS AND POLICY OR FIRST AMENDMENT SPEECH<br><br>Hearing Date: April 3, 2026<br>Hearing Time: 10:30 a.m.<br>Location:    Courtroom of the<br>               Hon. Cynthia<br>               Valenzuela |

     Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorney Jun Nam, hereby files its motion in limine to exclude evidence of and preclude argument aimed at jury nullification by (1) questioning immigration law and challenging or critiquing current United States immigration

policy, or (2) arguing that defendant's offense conduct is protected by the First Amendment.

Government counsel emailed defense counsel regarding this motion in limine, and defense counsel has represented that she "doesn't intend to argue for nullification or present evidence that goes only to nullification."  Because the parties may disagree on the scope of what constitutes nullification, the government files this motion in limine in caution and to meet this Court's motion in limine deadline.

This motion in limine is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: March 6, 2026

Respectfully submitted,

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division


_____/s/_____
JUN NAM
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    INTRODUCTION**

After yelling "fuck you" to a Federal Protective Services (FPS) officer who was trying to maintain order against a crowd in the Edward Roybal Federal Building, Defendant Jessica Trapp kicked the officer in the left shin, right underneath his knee.  As a result of the kick, the officer suffered an abrasion and swelling, leading him to seek medical care.

Defendant is now charged with violating 18 U.S.C. § 111(a)(1), (b), assault on a federal officer resulting in bodily injury.  The government anticipates that, either through argument or  testimony, the defense may criticize United States immigration law or  policy under the guise of providing context to defendant's actions, including how defendant was in the Edward Roybal Federal building to attend a detention hearing of Ashleigh Brown, a defendant who was recently tried and convicted of doxxing federal immigration officers. <u>See</u> <u>United States v. Ashleigh Brown, et al.</u>, 2:25-CR-00780-SVW-2. The government also anticipates that defendant may attempt to frame her conduct as constitutionally protected expression.  Such evidence or argument has no relevant purpose, instead  serving only to elicit a response from the jury not based on law or fact.

Under Federal Rules of Evidence 402 and 403, the Court should exclude evidence of, and preclude questioning of witnesses and argument – including during opening statements and closing argument – regarding (1) United States immigration law or policy, or (2) claims that defendant's offense conduct was constitutionally protected expression under the First Amendment.

**II.    ARGUMENT**

Trial courts "have a duty to forestall or prevent" jury nullification, including by preventing "impermissible" defense questioning or argument. United States v. Lynch, 903 F.3d 1061, 1079–80 (9th Cir. 2018) (citation omitted). Because questions and arguments relating to immigration laws or policies and the First Amendment are unduly prejudicial and irrelevant, the Court should exclude them.

To be admissible, evidence must be relevant to defendant's guilt.  The only evidence admissible at trial is evidence that relates to the elements for the instant offense and that has a "tendency to make a fact more or less probable." Fed. R. Evid. 401. To prove the charge in the single-count indictment, the government must prove: (1) defendant forcibly assaulted a federal officer and (2) defendant assaulted a federal officer while the officer was engaged in, or on account of his official duties.  Ninth Circuit Model Criminal Jury Instructions, No. 8.4 (2022 ed.).  That is what is relevant in this case.

On the other hand, the Court may exclude evidence, even relevant evidence, if the probative value is outweighed by a "danger" of "unfair prejudice, confusing the issues, misleading the jury, undue delay," or "wasting time." Fed. R. Evid. 403. Because the validity of immigration laws or the scope of First Amendment speech is not relevant to an assault on federal officer charge, any argument or evidence about such issues would be an attempt to seek jury nullification or distract the jury to focus on a highly charged social issue. Fed. R. Evid. 401, 402.

It is well-established that a defendant does not have a right to a jury nullification instruction. United States v. Navarro-Vargas, 408 F.3d 1184, 1198 (9th Cir. 2005) (citing cases and noting that courts have "uniformly rejected" requests for jury nullification instructions); United States v. Blixt, 548 F.3d 882, 890 (9th Cir. 2008) (finding it proper to instruct the jury to disregard nullification argument). Having no right to seek jury nullification, defendant has no right to make such an argument or present evidence relevant only to such a strategy. See United States v. Scarmazzo, 554 F. Supp. 2d 1102, 1107 (E.D. Cal. 2008) ("Neither a [d]efendant nor his attorney has a right to present evidence that is irrelevant to a legal defense to, or an element of, the crime charged."), aff'd sub nom. United States v. Montes, 421 F. App'x 670 (9th Cir. 2011); see also Zal v. Steppe, 968 F.2d 924, 930 (9th Cir. 1992) (Trott, J., concurring)("Verdicts must be based on the law and the evidence, not on jury nullification as urged by either litigant." (citing Chandler v. Florida, 449 U.S. 560, 574 (1981))).

In other criminal cases in this Circuit -- even cases involving immigration crimes -- district courts have excluded arguments and accompanying inadmissible evidence aimed at jury nullification. See, e.g., United States v. Castro-Cabrera, 534 F. Supp. 2d 1156, 1162 (C.D. Cal. 2008) (excluding argument and evidence aimed at seeking jury nullification); United States v. Miranda-Oregel, No. 2:10-CR-0007-JAM-KJN, 2014 WL 994380, at *3 (E.D. Cal. Mar. 12, 2014) (noting decision "to preclude all arguments and evidence relating to a jury nullification defense"), report and recommendation adopted, No. 2:10-CR-0007 JAM KJN, 2015 WL 871949 (E.D. Cal. Feb. 27, 2015).  This Court should likewise preclude defendant from attacking the validity

3

of her arrest on policy grounds or disagreement with immigration laws and policy of the United States through argument or evidence before the jury. Arguments of this sort would be designed to evoke an emotional response in jurors or to distract and confuse jurors to focus on highly charged social issues, which have no place in the trial in this matter. The Court should therefore exclude arguments challenging immigration law and policies under Rules 402 and 403.

Similarly, the Court -- not the jury -- must determine whether any aspect of defendant's conduct is protected by the First Amendment. See, e.g., United States v. Mongol Nation, 56 F.4th 1244, 1250 (9th Cir. 2023) ("We review de novo questions of law, including constitutional issues[.]") (citation omitted); see also United States v. Fuller, No. CR 23-209 (CKK), 2024 WL 4880497, at *8-9 (D.D.C. Nov. 25, 2024) ("Whether the First Amendment protects any of Defendants' alleged conduct is a question of law suitable for scrutiny under Federal Rule of Criminal Procedure 29. But 'issues of law entirely independent of the ultimate issue of whether [Defendants] actually committed the crimes' with which they are charged are inappropriate to present to the jury.") (quoting United States v. Johnson, 605 F.2d 1025, 1027 (7th Cir. 1979))); United States v. Zeese, 437 F. Supp. 3d 86, 94 (D.D.C. 2020) (holding that once it determined the charged statute was constitutional as applied, defendants were precluded from presenting a First Amendment defense to the jury).

If defendant wished to raise a constitutional challenge, her procedural avenue was through Federal Rule of Criminal Procedure 12(b) (failure to state an offense) or Rule 29 (motion for judgment of acquittal). She did not do so. Because the question of First Amendment protection is purely legal, defendant may not now

circumvent that process by suggesting to the jury that the charged assault was protected activity. Allowing such an argument would misstate the law, confuse the issues, and invite nullification.

Accordingly, defendant should be precluded from presenting evidence, questioning witnesses, or making arguments to the jury about the First Amendment.[1]

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court grant the government's motion in limine and exclude evidence of and preclude questioning of witnesses and argument, including during opening statements and closing argument, regarding any discussion of United States immigration law or policy.

---

[1] The Supreme Court has long held that violence and physical obstruction are not protected expression. See Grayned v. City of Rockford, 408 U.S. 104, 116 (1972) ("[W]here demonstrations turn violent, they lose their protected quality as expression under the First Amendment."); Giboney v. Empire Storage & Ice Co., 336 U.S. 490, 498 (1949) (First Amendment does not protect "speech or writing used as an integral part of conduct in violation of a valid criminal statute"); United States v. Lee, No. 23-cr-368 (TNM), 2024 WL 4836401, at 3 (D.D.C. Sept. 30, 2024) (same).