TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
JUN NAM (Cal. Bar No. 335290)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2435
     Email:     jun.nam@usdoj.gov


Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-CR-00851-CV |
|---|---|
| Plaintiff, | GOVERNMENT TRIAL MEMORANDUM |
| v. | Trial Date:  April 21, 2026<br>Hearing Time: 9:00 a.m. |
| JESSICA TRAPP, | Location:    Courtroom of the Hon.<br>Cynthia Valenzuela |
| Defendant. | |

     Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorney Jun Nam, hereby files its Trial Memorandum.

//

//

Pursuant to this Court's standing order, government counsel shared with defense counsel (1) the factual summary of the government's case-in-chief, (2) a statement of the charges and the elements of each charge, (3) a time estimate of the length of the government's case-in-chief, including anticipated cross-examination, and (4) a discussion of relevant legal and evidentiary issues as applied to the facts of this case.  As of the time of this filing, government counsel has not heard back with respect to whether the defense agrees or disagrees on any of these matters.  To the extent that the defense objects or disagrees with any of the four items listed above, and as necessary, the government will file an amended trial memorandum.

Dated: March 27, 2026

Respectfully submitted,

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division


_____/s/_____
JUN NAM
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

**I.    INTRODUCTION**

Defendant Jessica Trapp is set to be tried for assaulting a federal officer that resulted in bodily injury in violation of 18 U.S.C. § 111(a)(1), (b).  Defendant forcibly made physical contact with a federal officer – namely, by intentionally kicking him – while he was engaged in the performance of his official duties protecting other FPS officers who were escorting an individual for a law enforcement interview.

**II.    FACTUAL SUMMARY**

In September 2025, defendant was in the Edward Roybal Federal Building to attend the detention hearing of an individual involved in immigration protests.  Because the courtroom was full, defendant remained outside the courtroom.

But disorder quickly ensued when the magistrate judge ordered the individual to be detained.  Attendees started yelling and engaging in disruptive conduct as they filed out of the courtroom. Defendant was one of them.  Things then got worse when the crowd saw Federal Protective Service (FPS) officers who were on the scene for a separate, unrelated matter.  The crowd – including the defendant – began to approach and yell at them.  Other FPS officers then began to form a protective wall to create a physical barrier between the encroaching crowd and the other FPS officers who were trying to talk to an individual in connection with the separate, unrelated matter. But the crowd – and most notably, the defendant – continued to yell and press forward towards the FPS officers while court proceedings were ongoing in nearby courtrooms.  To minimize the disruption and

defuse the tension, the FPS officers decided to move to the first floor to take the individual to a quieter place for an interview.

But that did not end the matter.  The crowd followed the FPS officers to the first floor – including the defendant.  Indeed, the defendant, who was trying to record the FPS officers with her phone, chased the officers while the officers were trying to get away from the crowd and escort the individual to a quieter place.  As a result, several FPS officers, including Inspector J.B., formed a protective wall to create space and protect the other FPS officers who were escorting the individual.  Defendant was undeterred.  She continued to move forward to pursue the officers even though Inspector J.B. was trying to stand in front of her.  Defendant continued to move forward into Inspector J.B.'s body, which prompted him to use his arm as a shield to create space between Defendant and the other FPS officers. Inspector J.B. then turned his head and attention to the other protestors.  After a few seconds, defendant yelled, "fuck you," and kicked him in the shin.  The kick is captured on surveillance video. Defendant admitted that she kicked the officer in a post-<u>Miranda</u> interview.

Trial is set to start on April 21, 2026, at 9:00 a.m. before this Court.

**III.  Length of Trial and Number of Witnesses**

<u>Government Case</u>: The government anticipates that its case-in-chief will take approximately four hours, not including defense's cross-examination.  The government plans on calling the following five witnesses in its case-in-chief[1]:

---

[1] The government reserves the right to call additional witnesses in either its case-in-chief or rebuttal case (if any).

- FPS Area Commander Daniel Dick

- Former FPS Inspector J.B. (victim)

- Former FPS Inspector Alexandro Gutierrez

- FPS Inspector Bryan Turk

- FPS Inspector Andrew Urbaez

Government Exhibits: The government will seek to admit approximately 15-20 exhibits, which will include videos of the assault, still photos from the videos, photographs of the victim's injury, and an audio recording of the defendant's post-arrest, Mirandized statement.

Defense Case: The government filed a motion on March 6, 2026, to preclude a self-defense argument at trial because the defense had not yet set forth a prima facie case showing that a self-defense instruction is appropriate in this case.  (Dkt. 24.)  As of the date of this filing, defense counsel has not filed its prima facie case, and the government is not aware that the defense has made any such filing in camera, either.  Accordingly, this Court should preclude the defense from arguing or introducing self-defense at trial, including during defendant's opening statement.

**IV.  STATEMENTS OF THE CHARGE AND ELEMENTS**

Defendant is charged with assault on a federal officer causing bodily injury in violation of 18 U.S.C. § 111(a)(1), (b).

**A.    Elements of the Offense**

To prevail, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant forcibly assaulted Inspector J.B.;

Second, the defendant assaulted Inspector J.B. while Inspector J.B. was engaged in, or on account of, his official duties; and

Third, defendant inflicted bodily injury.

Ninth Cir. Model Jury Instructions 8.2 (2022 ed.).

### B.    "Forcible Assault" Explained

There is a forcible assault when one person intentionally strikes another, or willfully attempts to inflict injury on another, or intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm.  Ninth Cir. Model Jury Instructions 8.2 (2022 ed.).

### C.    Mens Rea

Section 111 is a general intent crime in the Ninth Circuit, and no intent to injure or cause the bodily injury is required to prove this offense.  United States v. Sanchez, 914 F.2d 1355, 1358 (9th Cir. 1990).

### D.    Self-Defense Elements, If Applicable

It is a defense to the charge if (1) defendant did not know that Inspector J.B. was a federal officer, (2) defendant reasonably believed that use of force was necessary to defend oneself against an immediate use of unlawful force, and (3) defendant used no more force than appeared reasonably necessary in the circumstances.  See Ninth Cir. Model Jury Instructions 8.3 (2022 ed.).

Before defendant is permitted to make a self-defense argument, defendant must make a prima facie showing of all three elements. Then, at trial, the government must prove (1) defendant knew that Inspector J.B. was a federal officer, **or** (2) defendant did not reasonably believe force was necessary to defend against an immediate use of unlawful force, **or** (3) defendant used more force than appeared reasonably necessary in the circumstances. See id.

4

As stated above, the government has moved to exclude any evidence or argument related to self-defense.  (Dkt. 24.)  That motion is pending.

## V.    PRETRIAL MOTIONS

### 1.    Government Motions

- Motion to Preclude Self-Defense Arguments (Dkt. 24).

- Motion to Preclude Improper Evidence and Preclude Argument Seeking Jury Nullification in the Form of Argument or Evidence about Immigration Laws and Policy or First Amendment Speech (Dkt. 25).

### 2.    Defense Motions

- Defense has not filed any pretrial motions at this time.

## VI.   LEGAL AND EVIDENTIARY ISSUES

### A.    Photographs and Video Surveillance

The government intends to introduce photographs and video footage at trial.  Admitting a photograph or video into evidence requires that the proponent meet only a very low hurdle.  "Under the Federal Rules, the witness identifying the item in a photograph need only establish that the photograph is an accurate portrayal of the item in question." People of Territory of Guam v. Ojeda, 758 F.2d 403, 408 (9th Cir. 1985) (interpreting Fed. R. Evid. 901(b)(1)).  The Ninth Circuit has held that "[p]hotographs are admissible as substantive as well as illustrative evidence." United States v. May, 622 F.2d 1000, 1007 (9th Cir. 1980).

Photographs and videos should be admitted so long as they fairly and accurately represent the event or object in question.  See United States v. Oaxaca, 569 F.2d 518, 525 (9th Cir. 1978).  Notably, "the witness who lays the authentication foundation need not be the

photographer, nor need the witness know anything of the time, conditions, or mechanisms of the taking of the picture." 32 McCormick on Evid. § 215 (7th ed.). Rule 901(a) simply requires that a proponent of evidence make a prima facie showing of authenticity so that a reasonable juror could find "that the item is what the proponent claims it is." Fed. R. Evid. 901(a).

### B.    Lay Testimony

Federal Rule of Evidence 701 "permits a lay witness to give opinion testimony as long as the opinion is (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue." United States v. Pino-Noriega, 189 F.3d 1089, 1097 (9th Cir. 1999) (quotation marks omitted). The government anticipates eliciting testimony from its witnesses that defendant's strike of Inspector J.B. was intentional based on her body movements, the nature of the kick, and defendant's own statements.

### C.    Defendant's Statements

Under the Federal Rules of Evidence, a defendant's statement is admissible only if offered against her; a defendant may not elicit her own prior statements. See Fed. R. Evid. 801(d)(2)(A); United States v. Fernandez, 839 F.2d 639, 640 (9th Cir. 1988) (per curiam). To permit otherwise would place a defendant's statements "before the jury without subjecting [herself] to cross-examination, precisely what the hearsay rule forbids." United States v. Ortega, 203 F.3d 675, 682 (9th Cir. 2000) (holding that the district court properly barred defendant from seeking to introduce his exculpatory post-arrest statements through cross-examination of government agent); United States v. Cunningham, 194 F.3d 1186, 1199 (11th Cir. 1999)

("[A] defendant cannot attempt to introduce an exculpatory statement made at the time of his arrest without subjecting himself to cross examination.").

When the government admits some of a defendant's prior statements, the door is not thereby opened to the defendant to put in all of her out-of-court statements.  This is because, when offered by defendant, the statements are still inadmissible hearsay. See Fed. R. Evid. 801(d)(2); see also United States v. Burreson, 643 F.2d 1344, 1349 (9th Cir. 1981); United States v. Willis, 759 F.2d 1486, 1501 (11th Cir. 1985) (defendant's exculpatory statement inadmissible when offered by defense).

Similarly, a defendant's exculpatory statements are not admissible under Federal Rule of Evidence 106, the "rule of completeness."  Evidence that is inadmissible is not made admissible by invocation of the "rule of completeness."  See United States v. Collicott, 92 F.3d 973, 983 (9th Cir. 1996) (hearsay not admissible notwithstanding Rule 106).  As the Ninth Circuit noted in Ortega, a defendant's non-self-inculpatory statements are inadmissible hearsay even if they were made contemporaneously with other self-inculpatory statements.  Ortega, 203 F.3d at 682 (citing Williamson v. United States, 512 U.S. 594, 599 (1994)).  The "rule of completeness" may require that all of a defendant's prior statements be admitted only where it is necessary to explain an admitted statement, to place it in context, or to avoid misleading the trier of fact.  See, e.g., United States v. Marin, 669 F.2d 73, 84 (2d Cir. 1982).  The doctrine does not, however, require introduction of portions of a statement that are neither explanatory of, nor relevant to, the admitted passages.  See Ortega, 203 F.3d at 682-683; Marin, 669 F.2d at 84.

7

The burden is on the defendant to identify a basis for admitting additional portions of the defendant's prior statement. United States v. Branch, 91 F.3d 699, 729 (5th Cir. 1996).

The government will be admitting statements made by defendant. A defendant's out-of-court statement is admissible if offered against her by the government. Fed. R. Evid. 801(d)(2)(A).

### D.   Scope of Cross-Examination of Defendant

If the defendant testifies at trial, she waives her right against self-incrimination, and the government will cross-examine her on all matters reasonably related to the subject matter of her testimony. See, e.g., Fitzpatrick v. United States, 178 U.S. 304 (1971) ("The defendant cannot assert a self-incrimination privilege 'on matters reasonably related to the subject matter of his cross-examination.'"); United States v. Black, 767 F.2d 1334, 1341 ("What the defendant actually discusses on direct does not determine the extent of permissible cross-examination or his waiver. Rather, the inquiry is whether 'the government's questions are reasonably related' to the subjects covered by the defendant's testimony.") (internal quotations and citation omitted).

The scope of cross-examination is within the trial court's discretion. Fed. R. Evid. 611(b). The defendant has no right to avoid cross-examination on matters that call into question her claim of innocence. United States v. Mehrmanesh, 682 F.2d 1303, 1310 (9th Cir. 1982); United States v. Miranda-Uriarte, 649 F.2d 1345, 1353-54 (9th Cir. 1981). The government, however, may introduce evidence should defendant "open the door." See United States v. Alexander, 48 F.3d 1477, 1488 (9th Cir. 1995), as amended on denial of reh'g (Apr. 11, 1995) ("When a defendant takes the stand and denies having

8

committed the charged offense, he places his credibility directly at issue.").

### E.    Affirmative Defenses and Reciprocal Discovery

Defendant has not given notice of her intent to rely on any defense of entrapment, mental incapacity, alibi, or any other affirmative defense outside of self-defense, despite the government's request for such notice of intent.  Thus, to the extent defendant may attempt to rely on such a defense, the government reserves the right to object and to move to preclude the defendant from asserting such a defense.  The subject of self-defense is currently being litigated before this Court.

Rule 16 of the Federal Rules of Criminal Procedure creates certain reciprocal discovery obligations on the part of defendants to produce three categories of materials that they intend to introduce as evidence at trial: (1) documents and tangible objects; (2) reports of any examinations or tests; and (3) expert witness disclosure. Rule 16 imposes on defendants a continuing duty to disclose these categories of materials.  Fed. R. Crim. P. 16(b)(1)(A), (b)(1)(C), and (c).  In those circumstances where a party fails to produce discovery as required by Rule 16, the rule empowers the district court to "prohibit that party from introducing the undisclosed evidence," or it may "enter any other order that is just under the circumstances."  Fed. R. Crim. P. 16(d)(2)(C) and (D).

On March 17, 2026, the government made reciprocal discovery requests under Rule 16.  The government requested two items from the defense: (1) any videos and photographs that defendant took or received showing FPS Inspector J.B. or any other FPS Inspector on September 25, 2025; and (2) any videos and photographs that defendant

took or received at or near the Roybal federal building on September 25, 2025.  The government noted that, because the surveillance footage shows defendant recording the relevant events on her phone, the government has reason to believe that such recordings exist.

To date, the defense has not responded to the government's requests, and it has produced no reciprocal discovery.  To the extent defendant may attempt to introduce or use any evidence at trial that she has not produced to the government, that evidence should be excluded.  See Taylor v. Illinois, 484 U.S. 400, 415 (1988) (defendant's failure to comply with, or object to, government's discovery request before trial justified exclusion of unproduced evidence).

If defendant serves defense discovery on the government mid-trial, the government further seeks leave from the Court to have adequate time to review the provided discovery, run necessary criminal background checks, and request offers of proof from the defense as to any previously undisclosed witnesses.

**F.    Jury Nullification**

The government also reserves the right to object to any evidence and/or argument introduced for the purpose of jury nullification, including concerning punishment, the actions of law enforcement at other protest events, or national immigration policy and its effect on the community and/or individuals.  A defendant has no right to present irrelevant evidence.  United States v. Powell, 955 F.2d 1206, 1213 (9th Cir. 1992); Zal v. Steppe, 968 F.2d 924, 930 (9th Cir. 1992) (Trott, J., concurring) ("[N]either a defendant nor his attorney has a right to present to a jury evidence that is irrelevant to a legal defense to, or an element of, the crime charged.").

10