TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
JUN NAM (Cal. Bar No. 335290)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2435
     E-mail:    jun.nam@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-CR-00851-CV |
|---|---|
| Plaintiff, | PARTIES' AMENDED DISPUTED JURY INSTRUCTIONS |
| v. | |
| JESSICA TRAPP, | Trial Date: April 21, 2026<br>Trial Time: 9:00 a.m.<br>Location:  Courtroom of the Hon. |
| Defendant. | Cynthia Valenzuela |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorney Jun Nam, and defendant Jessica Trapp, by and through her counsel of record, Gabriela Rivera, hereby submit the parties' Amended Disputed Jury Instructions in the above-captioned case.  The parties respectfully reserve the right to supplement these jury instructions as needed.

Unless otherwise noted, the government has used the most recent version (as of March 27, 2026) of the Jury Instructions found on the

1

Ninth Circuit's website at: https://www.ce9.uscourts.gov/jury-instructions/model-criminal.

Dated: March 31, 2026              Respectfully submitted,

                                   TODD BLANCHE
                                   Deputy Attorney General

                                   BILAL A. ESSAYLI
                                   First Assistant United States
                                   Attorney

                                   ALEXANDER B. SCHWAB
                                   Assistant United States Attorney
                                   Acting Chief, Criminal Division


                                   _____/s/_____
                                   JUN NAM
                                   Assistant United States Attorney

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA




Dated: March 31, 2026              _____/s/ with email permission___
                                   GABRIELA RIVERA
                                   Attorney for Defendant
                                   Jessica Trapp

**INDEX OF DISPUTED JURY INSTRUCTIONS**

| Proposed No. | Court No. | Title | Source |
|---|---|---|---|
| 1 | | Reasonable Doubt – Defined | Ninth Circuit Model Criminal Jury Instructions, No. 6.5 (2022 ed.) |
| 2 | | Assault on Federal Officer Which Inflicts Bodily Injury – "Official Duties" | Ninth Circuit Model Criminal Jury Instructions, Nos. 8.2 (2022 ed.) |
| 3 | | Self-Defense | Ninth Circuit Model Criminal Jury Instructions, No. 5.10 (2022 ed.) (Self-Defense) and comment. |

COURT'S INSTRUCTION NO. _____

DISPUTED INSTRUCTION NO. 1

GOVERNMENT'S PROPOSED INSTRUCTION

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Ninth Circuit Model Criminal Jury Instructions, No. 6.5 (2022 ed.) [Reasonable Doubt -- Defined]

1

COURT'S INSTRUCTION NO. \_\_\_\_\_

DISPUTED INSTRUCTION NO. 1

DEFENDANT'S PROPOSED INSTRUCTION

Proof beyond a reasonable doubt is proof that leaves you firmly convinced **Ms. Trapp** is guilty. It is not required that the government prove guilt beyond all possible doubt. **Still, for you to find Ms. Trapp guilty under this high burden of proof, you must reach a subjective state of near certitude of his guilt.**

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence. **On the other hand, you also may not base a guilty verdict in any part on mere speculation.**

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that **Ms. Trapp** is guilty, it is your duty to find **Ms. Trapp** not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that **Ms. Trapp** is guilty, it is your duty to find **Ms. Trapp** guilty.

Ninth Circuit Model Criminal Jury Instructions, No. 6.5 (2022 ed.) [Reasonable Doubt -- Defined]; United States v. Velazquez, 1 F.4th 1132, 1137 (9th Cir. 2021); United States v. Nevils, 598 F.3d 1158, 1167 (9th Cir. 2010) (en banc).

GOVERNMENT'S POSITION RE: DISPUTED INSTRUCTION NO. 1

The Court should reject defendant's proposed modification to the reasonable doubt instruction and instead adopt the Ninth Circuit Model Criminal Jury Instruction No. 6.5 without change. The model instruction is a well-established articulation of the reasonable doubt standard that clearly, accurately, and succinctly reflects the exact language the Ninth Circuit has repeatedly affirmed. See United States v. Ruiz, 462 F.3d 1082, 1087 (9th Cir. 2006) (citing United States v. Nelson, 66 F.3d 1036, 1045 (9th Cir. 1995)) (finding no error in instructing the jury with the Ninth Circuit model instruction for reasonable doubt). There is nothing confusing about the instruction, nor does it omit any relevant aspect of the law.

The defendant's proposed instruction seeks to add two sentences that are duplicative, cumulative, and will confuse the straightforward jury instruction already stated in the Model Instructions. Defendant claims that the additional two sentences are necessary to "further defin[e]" the word, "doubt," and to ensure that the jury does not rest its conclusion based on speculation. But both of these concerns are already squarely addressed by the Model Instructions, and Defendant cites no other cases where her proposed instructions were applied in this Circuit. Moreover, this Court's standing order states that it "seldom gives instructions derived solely from case law," which is where Defendant's modifications are drawn. Because of the duplicative and confusing nature of Defendant's modifications, they should be denied.

3

DEFENDANT'S POSITION RE: DISPUTED INSTRUCTION NO. 1

The defense's proposed instruction is almost identical to the model instruction, just with two additional sentences. The defense proposes adding the last sentence of the first paragraph, which is from United States v. Velazquez: "[F]or a jury to convict a defendant under this high burden of proof, the jury must 'reach a subjective state of near certitude of the guilt of the accused.'" 1 F.4th 1132, 1137 (9th Cir. 2021) (quoting Jackson v. Virginia, 443 U.S. 307, 315 (1979)); see also In re Winship, 397 U.S. 358, 364 (1970) ("[T]he reasonable-doubt standard is indispensable, for it impresses on the trier of fact the necessity of reaching a subjective state of certitude of the facts in issue.") (cleaned up). The government cannot lower its burden by hinging on the term doubt without further definition.

The defense also proposes adding the last sentence of the second paragraph, which is based on United States v. Nevils, 598 F.3d 1158, 1167 (9th Cir. 2010) (en banc): "[E]vidence is insufficient to support a verdict where mere speculation, rather than reasonable inference, supports the government's case[.]" Expressly prohibiting speculation only as a basis for reasonable doubt, without more, improperly suggests that the jury can otherwise engage in speculation. The modification is therefore necessary to clarify that a verdict (guilty or not guilty) cannot be based in any way on speculation. See Jackson, 443 U.S. at 317 ("A 'reasonable doubt,' at a minimum, is one based upon 'reason.'").

4

COURT'S INSTRUCTION NO. _____

DISPUTED INSTRUCTION NO. 2

GOVERNMENT'S PROPOSED INSTRUCTION

The test for determining whether an officer is engaged in the performance of official duties is whether the officer is acting within the scope of what he is employed to do, as distinguished from a personal frolic of his own.

[If Applicable] Evidence that an officer may not have followed certain rules of his employment does not by itself establish that his actions were a personal frolic.

Ninth Circuit Model Criminal Jury Instructions, Nos. 8.2 (2022 ed.) (comment) (citing United States v. Juvenile Female, 566 F.3d 943, 950 (9th Cir. 2009); United States v. Baca, Case No. 5:24-cr-00133-JAK, Instrs. No. 12 (C.D. Cal. Oct. 23, 2025).

5

COURT'S INSTRUCTION NO. _____

DISPUTED INSTRUCTION NO. 2

DEFENDANT'S PROPOSED INSTRUCTION

The test for determining whether the officer is engaged in the performance of official duties is whether the officer is acting within the scope of his employment, that is, whether the officer's actions fall within his agency's overall mission, in contrast to engaging in a personal frolic of his own.  The excessive or otherwise unlawful use of force in the pursuit of official duty is not considered a good faith performance of official duties.

Ninth Circuit Model Criminal Jury Instructions, No. 8.2 (2022 ed.) (Assault on a Federal Officer or Employee Causing Bodily Injury) and comment; *United States v. Isaias Lopez*, 2:25-CR-00705-MEMF, ECF No. 130 (Given Jury Instructions) (Jan. 26, 2026) at p. 16; *United States v. Russell Gomez Dzul*, 2:25-CR-00503-BFM, ECF No. 109 (Given Jury Instructions)(Jan. 14, 2026), at p. 13; *United States v. Alexandria Augustine*, 2:25-CR-00678-KS, ECF No. 80 (Given Jury Instructions)(Oct. 10, 2025) at p. 16.

GOVERNMENT'S POSITION RE: DISPUTED INSTRUCTION NO. 2

I.   Definition of "Official Duties"

The Ninth Circuit's Model Criminal Jury Instruction 8.2 cites both United States v. Juvenile Female, 566 F.3d 943, 950 (9th Cir. 2009) and United States v. Ornelas, 906 F.3d 1138 (9th Cir. 2018), as alternative formulations of the "official duties" test.  The Court should adopt the standard language from Juvenile Female, which states "Whether [the officer] is acting within the scope of what he is employed to do, as distinguished from engaging in a personal frolic of his own."  This is the long-standing Ninth Circuit formulation and remains the most appropriate definition of "official duties" for purposes of 18 U.S.C. § 111.  It is clear, concise, and accurately captures the legal standard without introducing unnecessary complexity or risk of jury confusion.  Indeed, this formulation of the jury instruction was given in a recent § 111 case in the Central District of California.  See United States v. Isaias Lopez, Case No. 2:25-cr-00705-MEMF, Dkt. 130 (Final Jury Instructions)(Jan. 26, 2026) at p. 16.

The defense asks for the definition from Ornelas, but that case addressed a unique situation in which a U.S. Forest Service officer was assisting an entirely different federal agency -- the U.S. Border Patrol -- and the defense argued that the Forest Service officer was acting outside the scope of his employment because he was performing *border duties* rather than *forest-service functions*. In that context, the Ninth Circuit approved an instruction referring to the agency's "overall mission."

7

That context does not exist here.  There is no dispute that Inspector J.B. was at work only as a Federal Protective Service ("FPS") Inspector assigned to provide FPS protective services rather than carrying out the mission of *another* agency.  There is no question of cross-agency authority or whether his work fell within FPS's "overall mission."  Including the Ornelas "overall mission" language in this case would therefore risk confusing the jury by injecting an issue that is not in dispute.  The Juvenile Female formulation avoids that confusion and has been repeatedly approved as the standard definition in ordinary § 111 prosecutions.

Indeed, in a Central District § 111 trial (United States v. Baca, Case No. 5:24-cr-00133-JAK,(C.D. Cal. Oct. 23, 2025)) that took place last year, the inclusion of Ornelas' "overall mission" phrasing prompted multiple jury notes seeking clarification on what that phrase meant—illustrating the very problem of ambiguity the simpler Juvenile Female instruction avoids.

Because the commentary to Model Instruction 8.2 makes clear that Juvenile Female and Ornelas are alternative formulations depending on case-specific circumstances, and because Juvenile Female best fits the undisputed facts here, the Court should adopt the Juvenile Female version.

II.  The Defense's Reliance on Ornelas is Incomplete

Not only does Ornelas involve a unique factual scenario that is not present here, but the defense's proposed instruction lifts only the portion of Ornelas that it believes helps its argument while omitting the remainder of the instruction that the Ninth Circuit expressly approved.  The omitted portion is critical: Ornelas

8

affirmed that "the question was **not** 'whether the officer is abiding by laws and regulations in effect at the time of the incident' or 'whether the officer is performing a function covered by his job description.'"  Ornelas, 906 F.3d at 1149.

That full language undercuts the defense's theory.  The defense's effort to inject the Ornelas formulation here is designed to imply that the jury must consider whether the officer complied with every policy, or constitutional principle -- such as the First Amendment -- when determining whether he was acting within his official duties. But Ornelas explicitly rejects that argument and makes clear it's a misstatement of the law. The Ninth Circuit could not have been clearer: the relevant question is whether the officer was acting within the scope of his employment or was on a personal frolic, **not** whether his conduct complied with the "laws and regulations in effect at the time of the incident" or standards governing his employment.  See United States v. Juv. Female, 566 F.3d 943, 949-50 (9th Cir. 2009) ("[F]or purposes of 18 U.S.C. § 111, the test of a Government agent's conduct is whether he is acting within the scope of what he is employed to do, as distinguished from engaging in a personal frolic of his own.") (cleaned up).

III. Added Language Regarding Employment Rules

The government also proposes including the following optional bracketed sentence from the commentary to Model Instruction 8.2:

"[If applicable:] Evidence that an officer may not have followed certain rules of his employment does not by itself establish that his actions were a personal frolic."

9

This clarifying language should be included only if, during trial, the defense argues that Inspector J.B. acted outside the scope of his official duties because he allegedly failed to follow a specific provision or requirement in FPS's policies, including a Use of Force Policy.  As explained, the Ninth Circuit has recognized that employment-policy compliance is not the standard for determining whether an officer was acting within his "official duties."  The relevant inquiry is whether the officer was performing the functions he was employed to perform, not whether he perfectly followed internal protocols. The case that includes defendant's preferred language – Ornelas - confirms this.  Ornelas, 906 F.3d 1138, 1149 (9th Cir. 2018) (explaining that the "question was not whether the officer is abiding by laws and regulations in effect at the time of the incident [such as the First Amendment] or whether the officer is performing a function covered by his job description").

This same clarifying sentence was used in United States v. Baca, Case No. 5:24-cr-00133-JAK, Instrs. No. 12 (C.D. Cal. Oct. 23, 2025), where the defense similarly argued that the victim officer acted outside the scope of his official duties by violating an agency policy.  The instruction properly guided the jury that a violation of internal rules, even if proven, does not transform an officer's actions into a "personal frolic."  The same rationale applies here.

10

DEFENDANT'S POSITION RE: DISPUTED INSTRUCTION NO. 2

There are three disputes with respect to official duties: (1) the government objects to the following language in the defense proposal from the comment to the Model Instruction: "that is, whether the officer's actions fall within his agency's overall mission"; (2) the defense has proposed additional language, specifically the second and final sentence, namely that excessive or otherwise unlawful force is by definition outside the scope of one's official duties; and (3) the government has also proposed additional language.

I.    The Court Should Give the Entire Instruction in the Comment to the Model Instructions.

The first dispute boils down to the defense proposal including an additional phrase that explains the meaning of language that is included in both parties' proposals.  Specifically, both proposals make clear that an agent acts in his official duties only if he is acting within the scope of his employment or what he is otherwise employed to do.  The defense proposal includes language from the comment to the Model Instruction that simply seeks to explain what that means by setting out the following explanation: "that is, whether the officer's actions fall within his agency's overall mission."

Indeed, the defense proposes using the language drawn directly from the Ninth Circuit Model Criminal Jury Instruction No. 8.2, which provides the language "[f]or an instruction defining 'official duties,'" which is drawn from *United States v. Ornelas*, 906 F.3d 1138, 1149 (9th Cir. 2018) and *United States v. Juvenile Female*, 566

11

F.3d 943, 950 (9th Cir. 2009).  In the comment itself, it provides the definition of "official duties" to which it refers.  The full text of the Comment states:

For an instruction defining "official duties," see United States v. Ornelas, 906 F.3d 1138, 1149 (9th Cir. 2018) (upholding "official duties" instruction providing that: "the test" for determining whether officer is "[e]ngaged in the performance of official duties" is "whether the officer is acting within the scope of his employment, that is, whether the officer's actions fall within his agency's overall mission, in contrast to engaging in a personal frolic of his own"); see also United States v. Juvenile Female, 566 F.3d 943, 950 (9th Cir. 2009) (describing official duties test as "whether [the officer] is acting within the scope of what he is employed to do, as distinguished from engaging in a personal frolic of his own").

The government claims that the defense's reliance on *United States v. Ornelas*, 906 F.3d 1138 (9th Cir. 2018) is somehow incomplete.  The defense simply used the language drawn from that case that is set out in the comment to Model Instruction 8.2.  The language proposed by the defense is taken directly, without edits, from the comment to the Model Instruction.

The government instead prefers to rely on language drawn from an older case, *United States v. Juvenile Female*, 566 F.3d 943, 960 (9th Cir. 2009), which *Ornelas* has replaced as the first and primary authority cited by the comment to the Model Instruction and now provides the primary articulation of the official duties element. The two definitions, however, are not contradictory or otherwise in

tension; instead, the newer definition from *Ornelas* simply provides additional detail to the jury that is helpful as they deliberate. The defense respectfully submits that the Court should give the primary definition included in the Comment in full, without striking the language added by the Circuit's 2018 decision in *Ornelas.*

II.  Pursuant to the Ninth Circuit's Decision in *Span*, the Jury Should Be Instructed that Excessive or Unlawful Force is Necessarily Outside an Officer's Official Duties.

Further, the following definition should be added to the test of official duties: the "excessive [or otherwise unlawful] use of force in the pursuit of official duty is not considered a good faith performance of official duties." *United States v. Span*, 75 F.3d 1383, 1389 (9th Cir. 1996). In *Span*, the Ninth Circuit stated that defense counsel should have requested the above-stated instruction explaining excessive force to be included within the definition of 18 U.S.C. § 111. In part because counsel did not make such a request, the Ninth Circuit held that the defense "lost" its opportunity to bring a theory of self-defense.

And in nearly identical assault cases in this District over the last several months, a number of courts have added similar language in accordance with Ninth Circuit case law.  *See United States v. Isaias Lopez*, 2:25-CR-00705-MEMF, ECF No. 130 (Given Jury Instructions) (Jan. 26, 2026) at p. 16; *United States v. Russell Gomez Dzul*, 2:25-CR-00503-BFM, ECF No. 109 (Given Jury Instructions)(Jan. 14, 2026) at p. 13; *United States v. Katherine Carreno*, 2:25-CR-00772-MWF, ECF No. 47 (Given Jury Instructions) (Nov. 6, 2025) at p. 11; *United States v. Alexandria Augustine*,

13

2:25-CR-00678-KS, ECF No. 80 (Given Jury Instructions)(Oct. 10, 2025) at p. 16.

   III. The Court Should Decline to Give the Additional Language
        Proposed by the Government.

    The government added supplemental language, which states "Evidence that an officer may not have followed certain rules of his employment does not by itself establish that his actions were a personal frolic."  This language is not in the model instruction, nor is it in the Comment.

    In support of the addition of this sentence, the government cites *United States v. Juvenile Female*, 566 F.3d 943, 950 (9th Cir. 2009).  Nowhere at that citation, or anywhere in *Juvenile Male*, does that sentence, or anything similar to it, appear.  In *Juvenile Male*, the defense argued that the Border Patrol Agent was not acting within his official duties because he "exceed[ed] the scope of his statutory grant of authority when he investigates a drug trafficking crime."  *Id.* at 948.  To resolve the question, the Court undertook a statutory analysis "to determine what statutory powers have been granted to the Border Patrol in the wake of the dissolution of the Immigration and Naturalization Service ('INS'), and the creation of the Department of Homeland Security ('DHS')."  *Id.* at 949.  The Court found that "[i]n light of the purpose and language of the [Homeland Security Act of 2002]," Border Patrol Agents have the authority to "stop, search, and examine . . . any vehicle" they suspect has been illegally imported.  *Id.*

    The defense does not raise any statutory arguments similar to *Juvenile Male* in this case.  No part of the *Juvenile Male* opinion

concerned the officers compliance, or lack thereof, with "rules of his employment." Thus, *Juvenile Male* provides no support for the government's added sentence.

Finally, the government cites the jury instructions given in a **re-trial** in a prison assault case. *United States v. Baca*, Case No. 5:24-cr-00133-JAK, Instrs. No. 12 (C.D. Cal. Oct. 23, 2025).[1] The supplemental sentence was not given in the first trial. *Id.*, Dkt. No. 94, pg. 14. The supplemental sentence was requested by the government on re-trial because "[i]n the first trial, defense counsel repeatedly and explicitly argued that Officer T.V. ceased acting within the scope of his official duties when he allegedly used profanity or disrespected defendant." *Id.*, Dkt. No. 126, at 12. And, in the first trial, the jury "submitted multiple questions about what 'official duties' meant." *Id.*, Dkt. No. 126, at 13. The posture and facts of this case bears no similarity to *Baca*.

Unlike the additional language proposed by the defense, which has been given in numerous assault trials stemming from the immigration raids and related protests, the defense has been unable to identify any other case in this District where language similar to that proposed by the government has been included in jury instructions.

---

[1] The instructions given at the re-trial are not posted on the docket, therefore, the defense cannot confirm the requested sentence was included.

COURT'S INSTRUCTION NO. _____

DISPUTED INSTRUCTION NO. 3

GOVERNMENT'S PROPOSED INSTRUCTION [If applicable]

The defendant asserts that she acted in self-defense.  It is a defense to the charge if (1) the defendant reasonably believed that use of force was necessary to defend oneself against an immediate use of unlawful force, and (2) the defendant used no more force than appeared reasonably necessary in the circumstances.

If this defense is shown, then in addition to proving all the elements of the crime beyond a reasonable doubt, the government must also prove beyond a reasonable doubt either (1) that the defendant did not reasonably believe force was necessary to defend against an immediate use of unlawful force or (2) that the defendant used more force than appeared reasonably necessary in the circumstances.

Ninth Circuit Model Criminal Jury Instructions, Nos. 8.3 (2022 ed.) (Assault on Federal Officer or Employee—Defenses) (modified consistent with comment explaining that the government need not prove that the defendant knew that [name of federal officer] was a federal [officer] "where a defendant's theory of the case is self-defense against the use of *excessive* force by a federal law enforcement officer")

16

COURT'S INSTRUCTION NO. _____

DISPUTED INSTRUCTION NO. 3

DEFENDANT'S PROPOSED INSTRUCTION

Ms. Trapp has offered evidence of having acted in self-defense. Use of force is justified when a person reasonably believes that it is necessary for the defense of oneself against the immediate use of unlawful force.  However, a person must use no more force than appears reasonably necessary under the circumstances.

The government must prove beyond a reasonable doubt, with all of you agreeing, that Ms. Trapp did not act in reasonable self-defense.

Force is unlawful when (1) under the surrounding circumstances, an officer uses an amount or type of force that is more than reasonably necessary to effectuate a seizure, arrest, detention, or other lawful action; or (2) the officer was acting with the intent to retaliate, punish, or cause harm. You must evaluate the reasonableness of Ms. Trapp's belief based upon both what Ms. Trapp knew and what Ms. Trapp reasonably could have determined from the surrounding circumstances.

The government must prove beyond a reasonable doubt, with all of you agreeing, that Ms. Trapp did not act in reasonable self-defense.

17

<u>Ninth Circuit Model Criminal Jury Instructions</u>, No. 5.10 (2022 ed.) (Self-Defense) and comment; *United States v. Isaias Lopez*, 2:25-CR-00705-MEMF, ECF No. 130 (Given Jury Instructions) (Jan, 26, 2026) at p. 16; *United States v. Russell Gomez Dzul*, 2:25-CR-00503-BFM, ECF No. 109 (Given Jury Instructions)(Jan. 14, 2026), at p. 13; *United States v. Katherine Carreno*, 2:25-CR-00772-MWF, ECF No. 47 (Given Jury Instructions)(Nov. 6, 2025) at pp. 11–12 (Nov. 6, 2025); *United States v. Mirabal*, Case No. 18- CR-00335-MWF-2, ECF NO. 173 (Given Jury Instructions)(June 17, 2022) at p. 17; *United States v. Lottie*, Case No. 20-CR-00115-MWF, ECF. No. 127 (Given Jury Instructions) (July 15, 2021) at p. 13; *United States v. Moore*, 483 F.2d 1361, 1364–65, 1385 (9th Cir. 1973); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 921 (9th Cir. 2001); *Gasho v. United States*, 39 F.3d 1420, 1428 n.7 (9th Cir. 1994); *Adams v. Kraft*, 828 F. Supp. 2d 1090, 1109 (N.D. Cal. 2011) (Koh, J.)

GOVERNMENT'S POSITION RE: DISPUTED INSTRUCTION NO. 3

The Court should adopt Model Instruction No. 8.3, which is the specific instruction tailored to assault-on-a-federal-officer prosecutions under 18 U.S.C. § 111. Because 8.3 incorporates the elements of § 111 and the corresponding government burden, it accurately and completely reflects the governing law for this offense. The Ninth Circuit has long approved Model 8.3's formulation in § 111 cases because it integrates the two essential inquiries: (1) whether the defendant reasonably believed force was necessary to defend against the immediate use of unlawful force, and (2) whether the force used was reasonable under the circumstances. See United States v. Acosta-Sierra, 690 F.3d 1111, 1126 (9th Cir. 2012) (to "make out an affirmative defense of self-defense against a federal law enforcement official who uses excessive force" in a § 111 case, a "defendant must offer evidence to show: "(1) a reasonable belief that the use of force was necessary to defend himself or another against the immediate use of unlawful force and (2) the use of no more force than was reasonably necessary in the circumstances"). The Ninth Circuit itself has held that the district court "properly charged the jury with Ninth Circuit Model Criminal Jury Instruction § 8.3" in a § 111 prosecution. United States v. Gutierrez, 613 F. App'x 634, 635 (9th Cir. 2015). This Circuit authority confirms that Model 8.3, not the general instruction in 5.10, is the appropriate and controlling self-defense instruction for an assault on a federal officer case. The government's proposed instruction follows Model 8.3 verbatim, except that it omits the optional "mistaken identity" clause, consistent with the model commentary,

19

because the defendant cannot claim that she mistook the victim for a private citizen.

By contrast, Model Instruction 5.10 is a general self-defense instruction intended for ordinary assault or battery cases, not those involving federal officers performing official duties. Instruction 5.10 addresses only the basic concept of self-defense, omitting the critical § 111-specific framework that requires the government to disprove self-defense beyond a reasonable doubt.  It also lacks the necessary context that the alleged assault must have occurred while the officer was performing his official duties. Using 5.10 risks confusing the jury by presenting an abstract, generalized statement of self-defense that is separate from the legal elements of the charged offense.

DEFENDANT'S POSITION RE: DISPUTED INSTRUCTION NO. 3

The Court should give Model Jury Instruction 5.10—Self-Defense. A defendant can bring a theory of self-defense against the use of excessive force. In *United States v. Span*, 970 F.2d 573 (9th Cir. 1992), the Ninth Circuit held that Model Instruction 8.3--an alternate self-defense instruction--"would be inappropriate in a case where a defendant's theory of the case is self-defense against the use of excessive force by a federal law enforcement officer." *Id.* at 577 (emphasis in original). In such cases, the model instruction for self-defense, Model Instruction 5.10, should be used. *See id.*

In the commentary to Model Instruction 5.10, it states that for self-defense claims involving excessive force, courts should look to *United States v. Ornelas*, 906 F.3d 1138, 1147-48 (9th Cir. 2018). *Ornelas*, like this case, involved a charge under 18 U.S.C. § 111 for assault on a federal officer. The *Ornelas* defendant, like Ms. Trapp, pursued a theory that the officer used unlawful force on him, and the defendant "acted in reasonable self-defense." 906 F.3d at 1146. The Court considered the proper jury instructions and affirmed that a "general self-defense instruction," which mirrored the exact language of what is now Model Instruction 5.10 (at that time it was numbered 6.8), was appropriate and adequately covered the self-defense theory in the context of a federal officer. *Id.* at 1146, 1148.

"Use of force is justified when a person reasonably believes that it is necessary for the defense of oneself or another against the immediate use of unlawful force." Ninth Cir. Model Jury

21

Instruction 5.10 (Self-defense). A defendant is entitled to this instruction when "there is any foundation in the evidence, even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility." *United States v. Sanchez-Lima*, 161 F.3d 545, 549 (9th Cir. 1998). The Ninth Circuit recognizes "that an individual may make out an affirmative defense of self-defense against a federal law enforcement official who uses excessive force in a narrow range of circumstances." Namely, " . . . a defendant must offer evidence to show: '(1) a reasonable belief that the use of force was necessary to defend himself or another against the immediate use of unlawful force and (2) the use of no more force than was reasonably necessary in the circumstances.'" *United States v. Acosta-Sierra*, 690 F.3d 1111, 1126 (9th Cir. 2012) (quoting *United States v. Urena*, 659 F.3d 903, 907 (9th Cir.2011) (quoting *United States v. Biggs*, 441 F.3d 1069, 1071 (9th Cir.2006))); *See United States v. Celentano*, 126 F.4th 680, 687 (D.D.C. 2025) (stating that a jury "must evaluate the reasonableness of the defendant's belief based on what the defendant knew and what the defendant reasonably could have determined from the surrounding circumstances").

The government's position also strikes one of three <u>necessary</u> prongs from Model Instruction 8.3, in an ill-fated attempt to fit the square peg that is Instruction 8.3 into a round hole.  The defense does not expect to claim that Ms. Trapp was unaware that the complaining witness was a federal officer.  On facts like those at issue here, the Ninth Circuit and Model Instructions are clear that Model Instruction 5.10 is the appropriate instruction.  It is for

this reason that the government's repeated efforts to have courts give a self-defense instruction that clearly does not apply to the facts at issue have been repeatedly rejected.  *See United States v. Russell Gomez Dzul*, 2:25-CR-00503-BFM, ECF No. 109 (Given Jury Instructions)(Jan. 14, 2026), at p. 13; *United States v. Katherine Carreno*, 2:25-CR-00772-MWF, ECF No. 47 (Given Jury Instructions)(Nov. 6, 2025) at pp. 11-12 (Nov. 6, 2025); *United States v. Alexandria Augustine*, 2:25-CR-00678-KS, ECF No. 80 (Given Jury Instructions)(Oct. 10, 2025) at p. 17.

In another assault case stemming from the immigration raids and protests that did not proceed to trial, this Court also recognized that Model Instruction 5.10 is the appropriate instruction where, as here, the defendant does not claim that she was unaware the complaining witness was a federal officer. *See United States v. Jonathon Redondo-Rosales*, 2:25-CR-00679-CV, ECF No. 91 (Order Dismissing Information with Prejudice) (Feb. 9, 2026) at p. 7 n.6.